UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREEN RENEWABLE ORGANIC AND WATER HOLDINGS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BLOOMFIELD INVESTMENTS, LLC,<br><br>Defendant. | Case No. 21-cv-07181-HSG<br><br>**ORDER DIRECTING THE PARTIES TO SUBMIT SUPPLEMENTAL BRIEFING** |

Bloomfield Investments, LLC ("Bloomfield") has filed a motion for an order recognizing and confirming two related arbitration awards (the "Awards") against the following persons and entities: (1) W. Quay Hays; (2) Grow Land and Water LLC ("Grow Land"); (3) Kings County Ventures LLC ("KCV"); and (4) Green Renewable Organic and Water Holdings, LLC (d/b/a/ Grow Holdings LLC) ("Grow Holdings") (collectively, "Respondents"). *See* Dkt. No. 33.

Citing Article V(1)(a) of the New York Convention, Respondents contend that the Awards are unenforceable "for lack of jurisdiction" because Mr. Hays and Grow Holdings did not sign the underlying Capital Provision Agreements, and they are not "alter-egos" of the parties that did. *See* Dkt. No. 39 at 4. Respondents accordingly seek a *de novo* review of the arbitration tribunal's finding that Mr. Hays and Grow Holdings are personally liable for the Awards under New York law based on the alter-ego and piercing the corporate veil doctrines. *Id.* at 5.

The issue of who is bound by an arbitration agreement raises a question of "arbitrability." *See Carpenters 46 N. California Ctys. Conf. Bd. v. Zcon Builders*, 96 F.3d 410, 414-15 (9th Cir. 1996). Courts review an arbitrator's determination of such a matter de novo unless there is "clear and unmistakable" evidence that the parties wanted an arbitrator to resolve the dispute. *See Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 n.2, 133 S. Ct. 2064, 2068 n.2, (2013).

Assuming without deciding that there is no such evidence here, the next analytical question presented is what law governs whether Mr. Hays and Grow Holdings are bound by the arbitration clause in the Capital Provision Agreements.

Bloomfield argued before the Tribunal, as it does again here, that the parties expressly chose in Section 23 of the Capital Provision Agreements to have New York law govern the arbitration. Dkt. No. 43 at 3-4. Under California's choice of law rules, Bloomfield contends, the choice therefore comes down to either New York law, as identified in the choice of law provision of the agreements, or California law, under a government interest analysis. *Id.* Respondents disagree and contend that the governing law clause in Section 23 of the Capital Provision Agreements does not apply to the arbitration clause because under the doctrine of separability the arbitration agreement is an entirely separate contract. Dkt. No. 39 at 6-7. Because the arbitration clause itself is silent on the governing law, Respondents' argument goes, the law of the arbitral seat (here English law) decides whether the arbitration agreement can bind non-signatories. *Id.*

But in a somewhat similar context, the Ninth Circuit applied federal substantive law to determine the arbitrability of claims by or against non-signatories to an arbitration agreement covered by the FAA. *See Setty v. Shrinivas Sugandhalaya LLP*, 3 F.4th 1166, 1168 (9th Cir. 2021); *see also Outokumpu Stainless USA, LLC v. Coverteam SAS*, No. 17-10944, 2022 WL 2643936, at *5-6 (11th Cir. July 8, 2022) (Tjoflat, J., concurring) (explaining that the Federal Arbitration Act governs international arbitrations and creates a body of *federal substantive law* of arbitrability, and concluding that "all signs point to the conclusion that we must apply federal common law in determining whether equitable estoppel applies in New York Convention cases"). The reasoning in these cases raises at least the possibility that federal substantive law governs the determination of whether a non-signatory is bound by an arbitration agreement governed by the Federal Arbitration Act. However, the parties' briefing does not address whether federal substantive law should apply.

Accordingly, the parties are **DIRECTED** to file supplemental briefs of no more than 5 pages addressing the question of what law governs whether Mr. Hays and Grow Holdings are bound by the arbitration clause in the Capital Provision Agreements. The Court has read the

parties' opening papers, so the supplemental briefs need not and should not repeat arguments previously made. Both parties must file their briefs by 5:00 p.m., on July 25, 2022, after which the motion will be deemed submitted and no further filings will be permitted unless otherwise ordered.

**IT IS SO ORDERED.**

Dated:   7/20/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge