UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREEN RENEWABLE ORGANIC AND WATER HOLDINGS, LLC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BLOOMFIELD INVESTMENTS, LLC,<br><br>    Defendant. | Case No. 21-cv-07181-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 25 |

Pending before the Court is Plaintiff's administrative motion to file under seal certain exhibits to, and portions of, its Amended Complaint, Dkt. No. 22. For the reasons below, the Court **GRANTS in part and DENIES in part** the motion, Dkt. No. 25.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id*. at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
2  scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon v.*
3  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records
4  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
5  without more, compel the court to seal its records." *Id*.

6      The Court must "balance[] the competing interests of the public and the party who seeks to
7  keep certain judicial records secret. After considering these interests, if the court decides to seal
8  certain judicial records, it must base its decision on a compelling reason and articulate the factual
9  basis for its ruling, without relying on hypothesis or conjecture." *Id*. Civil Local Rule 79-5
10 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a
11 document or portions of it under seal "must explore all reasonable alternatives to filing documents
12 under seal, minimize the number of documents filed under seal, and avoid wherever possible
13 sealing entire documents . . . ." Civil L.R. 79-5(a). The party must further explain the interests
14 that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive
15 alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

16     Records attached to nondispositive motions must meet the lower "good cause" standard of
17 Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
18 tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80
19 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm
20 will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
21 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of
22 harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman*
23 *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

24 **II.    DISCUSSION**

25     Because the complaint is the pleading on which this action is based and clearly more than
26 tangentially related to the underlying cause of action, the Court applies a "compelling reasons"
27 standard to the motion. *See, e.g.*, *Align Tech., Inc. v. SmileDirectClub, LLC*, No. 23-CV-00023-
28 EMC, 2023 WL 1931849 at *1 (N.D. Cal. Feb. 9, 2023) ("[T]he Court agrees . . . that there must

1    be compelling reasons to seal any portion thereof because 'a complaint is the foundation of a
2    lawsuit.'"); *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2018 WL 10454862 (N.D.
3    Cal. Aug. 31, 2018); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963
4    at *2 (N.D. Cal. Sept. 25, 2013).

5         By their motion, Plaintiff requests that this Court seal two exhibits attached to their
6    amended complaint (Dkt. No. 22-1 at 234 [Exhibit C, Capital Provision Agreement], 276 [Exhibit
7    D, Amended and Restated Capital Provision Agreement]) because, as capital provision
8    agreements, they "contain commercially sensitive financing terms and are marked 'private and
9    confidential' and 'subject to confidentiality agreement.'" Dkt. No 25 at 2.  Plaintiffs additionally
10   request to seal around a dozen portions of the Amended Complaint, Dkt. No. 22, that "depict
11   information contained" in the confidential exhibits. *Id*.  Defendant did not oppose the motion.
12   However, in Defendant's subsequent Motion to Confirm Foreign Arbitral Awards, Defendant
13   recited some of the basic features of the agreement that Plaintiff had sought to seal in its
14   complaint.  Dkt. No. 33.  When Plaintiff opposed the motion, it did not object to Defendant's
15   reference to this provisionally sealed information.  Dkt. No. 39.  And in its order staying the cases
16   and holding Defendant's motion in abeyance, the Court referred specifically to some of the
17   features of the agreement that Defendant had articulated.  Dkt. No. 68.  A few months after this
18   order, the parties stipulated to dismissal without the Court ever ruling on Defendant's motion, or
19   any other substantive motions in the matter.  Dkt. No. 75.

20        The Court finds that the nature of the capital provision agreements attached to the
21   Amended Complaint supports sealing, particularly because the Court did not ultimately rely on
22   them before the case closed.  Where the court does not consider materials that a party has
23   requested to seal, the public's interest their disclosure is minimal since they do not aid the public's
24   understanding of judicial proceedings.  *See In re iPhone Application Litig.*, No. 11-MD-02250-
25   LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in accessing
26   these documents is even further diminished in light of the fact that the Court will not have
27   occasion to rule on [the relevant motion]."); *see also See Economus v. City & Cty. of San
28   Francisco*, No. 18-CV-01071-HSG, 2019 WL 1483804, at *9 (N.D. Cal. Apr. 3, 2019) (finding

1  compelling reason to seal because the sealing request divulges sensitive information no longer
2  related to the case); *In re iPhone*, 2013 WL 12335013 (same); *Doe v. City of San Diego*, No. 12-
3  CV-689-MMA-DHB, 2014 WL 1921742, at *4 (S.D. Cal. May 14, 2014) (exhibit's disclosure of
4  personal information and irrelevance to the matter are compelling reasons to seal the exhibit).
5  Such is the case here.  Accordingly, the Court **GRANTS** Plaintiff's request to seal Exhibits C and
6  D to its Amended Complaint.
7        The Court consequently finds a compelling basis to seal, per Plaintiff's request, some
8  allegations in the Amended Complaint that convey details about the confidential exhibits'
9  contents, but will not grant Plaintiff's request in full.  In particular, the Court declines to seal
10  allegations in the complaint containing information that ultimately came to light during the
11  litigation, and upon which this Court relied.  For example, Plaintiff moves to seal allegations
12  relating to the amount of funds at issue in the capital agreements, the choice of law provisions, and
13  the mandate to arrive at a "commercially reasonable" settlement, but these and other features of
14  the agreement emerged in (or were readily inferable from) subsequent filings, particularly
15  Defendant's Motion to Confirm Foreign Arbitral Awards.  Dkt. No. 33.  That Plaintiff did not
16  object to the recitation of this information at that juncture suggests that disclosure is not injurious,
17  and significantly undercuts Plaintiff's argument that compelling reasons exist to justify sealing the
18  allegations.  Accordingly, the Court **GRANTS** Plaintiff's administrative motion to seal portions of
19  its Amended Complaint only as to the requests identified (by page:line) at the following
20  coordinates, and **DENIES** it as to all others:

- 4:6-8
    - However, these excerpts in that range are not subject to sealing: "Their agreement included two key features." [line 6]; "Second, the" [line 8].
- 9:15-16
    - However, these excerpts in that range are not subject to sealing: "Pursuant to the CPA, Bloomfield advanced $15 million to Grow Land and KCV" [line 15] and "Pursuant to the Amended and Restated Capital Provision" [line 16].
- 9:26-10:15
- 14:15-19
    - Consistent with the proposed redaction.
- 18:9-10

- Consistent with the proposed redaction.

### III. CONCLUSION

The Court **GRANTS in part and DENIES in part** Plaintiff's administrative motion to seal, Dkt. No. 25.  Plaintiff is **DIRECTED** to file an amended complaint on the docket with redactions consistent with this order by November 30, 2023.

**IT IS SO ORDERED.**

Dated:  11/8/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

5